IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 07-cv-00017-LTB-MJW

SERGIO GALICIA and
GLORIA HERNANDEZ,
Individually and as Representatives of the Estate of Celene Galicia, Deceased,

    Plaintiffs,

v.

TRW VEHICLE SAFETY SYSTEMS INC.,
MAGNA DONNELLY CORPORATION, and
MAGNA CLOSURES INC.,

    Defendants.

## AGREED PROTECTIVE ORDER REGARDING MAGNA DEFENDANTS' PRODUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION

It is hereby stipulated and agreed, by and between the parties hereto and their counsel, that Defendants Magna Donnelly Corporation and Magna Closures Inc. (hereafter "the Magna Defendants") will produce for discovery and inspection, the documents and information that the Magna Defendants agree or are ordered to produce pursuant to the Federal Rules of Civil Procedure, in accordance with the following stipulations and order. Since the materials and information referred to may be commercially confidential or proprietary, or contain trade secrets, and releasing such materials or information to competitors or others would enable them to exploit such materials or information for competitive economic gain, the discovery and inspection will be conducted as follows:

    1.    Documents or information to be produced by the Magna Defendants to plaintiffs or to Defendant TRW Vehicle Safety Systems, Inc. (collectively the "Parties") during discovery

in this litigation, whether by disclosure, responses to requests for production or admission, interrogatory answers, deposition or otherwise which contain trade secret or other proprietary, confidential, or sensitive business information shall hereafter be referred to as "**Protected Documents and Information.**" When used in this Protective Order, the word "**documents**" means all matter within the scope of Rule 34(a), including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, data compilations, and other tangible things. Except as otherwise indicated below, documents or information marked by the Magna Defendants "**Pursuant to Protective Order,**" "**Confidential,**" "**Protected**" or designated by Bates number as being produced subject to a protective order, that are produced or delivered by the Magna Defendants to the Parties or their attorneys, consultants, agents, or experts in this action shall be Protected Documents and Information and given confidential treatment as described below. The Magna Defendants will visibly mark or otherwise designate all Protected Documents and Information "**Pursuant to Protective Order,**" "**Confidential,**" "**Protected**" (or other language of similar import) or designate the Bates numbers of the documents or information being produced subject to Protective Order.

2. The burden of proving that Protected Documents and Information contains confidential, proprietary and/or trade secret information is on the Magna Defendants. Prior to designating any material as subject to this Protective Order, the Magna Defendants must make a bona fide determination that the material does, in fact, contain trade secret, confidential or proprietary information, the dissemination of which would damage the Magna Defendants' competitive position. If a Party disagrees with a designation by the Magna Defendants of any

2

document or information as being subject to this Protective Order, the Party will so notify the Magna Defendants in writing. The Magna Defendants will, within thirty (30) days of receipt of such notice, apply to the Court to set a hearing for the purpose of establishing that the disputed document or information is properly subject to the Protective Order. All parties will consider the disputed document or information as subject to the Protective Order until the Court rules.

3. When a Party files any Protected Documents and Information, including confidential portions of any transcript, it shall be filed under seal in accordance with procedures set forth in Section I, Rule 7.3 of the Local Rules of the United States District Court for the District of Colorado. The envelope or container shall not be opened or released to anyone other than qualified persons without further order of the Court. The Magna Defendants shall be given reasonable notice of all such motions sufficient to allow it to file a brief regarding same.

4. Protected Documents and Information shall be treated by all Parties as confidential. Except upon the prior written consent of the Magna Defendants or upon further order of this Court, after notice and opportunity for hearing, Protected Documents and Information shall be used or disclosed solely for purposes of preparation and trial of this action, and may be shown, disseminated, or disclosed only to the following persons:

 (a) Counsel of record in this case, including other members of counsels' law firm and any other counsel associated to assist in the preparation or trial of this case, provided such associated counsel have made an appearance as a counsel of record in this case;

 (b) employees of counsel or of associated counsel who assist in the preparation or trial of this case;

(c) experts and consultants retained by the Parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed, either full time or as a consultant, by any competitor of the Magna Defendants; and

(d) the Court, the Court's staff, witnesses, and the jury in this case.

5. Before given access to any Protected Documents and Information, each person described in paragraph 4(c) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree, in writing, in the form attached hereto as Exhibit "A," to be bound by its terms and to submit to the jurisdiction of this Court for the purpose of enforcement of this order. In the event that the Protected Documents or information are produced to any unauthorized persons, counsel agree that such would be a violation of the Protective Order, entitling the Magna Defendants to seek an Order of the Court for the production of all executed Exhibit "A's" from counsel.

6. To the extent that Protected Documents and Information is disclosed in initial disclosures, interrogatory answers, admissions, depositions, or in any other manner, such documents or information shall remain subject to the provisions of this Protective Order. If Protected Documents and Information is used in depositions, all portions of the transcript of such depositions and exhibits thereto which refer to or relate to such Protected Documents and Information shall themselves be considered as Protected Documents and Information. The party producing such Protected Documents and Information shall ensure that the court reporter binds the confidential portions of the transcript and exhibits separately and labels them "confidential."

In addition, each deponent is ordered that he may not divulge any Protected Documents and Information except to the qualified persons described above.

7. Any notes, lists, memoranda, indices, or data compilations prepared, based wholly or in part upon examination of Protected Documents and Information produced under this Protective Order shall not be disseminated to persons other than those who are identified by the Parties' counsel as employed by or assisting counsel in preparation for, or at the trial of, the above-styled and numbered cause of action; they shall remain the property of the person or party by whom they were prepared.

8. Inadvertent or unintentional production or disclosure of Protected Documents and Information which should have been designated under the terms of this Protective Order, whether or not so designated at the time of production or disclosure, shall not thereby be deemed to waive in whole or in part the Magna Defendants' claim of confidentiality, provided that the receiving party or parties are given notice promptly upon discovery of the inadvertent or unintentional failure to designate. In such an event, the receiving party or parties may be given written notice that the Protected Documents and Information is confidential and should be treated in accordance with the provisions of this Protective Order. The Magna Defendants must then reproduce the Protected Documents and Information properly designated under this Protective Order, and after such reproduction the receiving party or parties must treat such documents or information as Protected Documents and Information. Disclosure of any such Protected Documents and Information to any persons not authorized to receive confidential material prior to the receipt of such notice shall not be deemed a violation of this Protective Order.

9. This Protective Order shall not apply to the disclosure of Protected Documents and Information at the time of trial, through the receipt of Protected Documents and Information into evidence or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the parties at the threshold of the trial.

10. The Parties and their counsel and representatives are prohibited from advertising the availability of Protected Documents and Information, without prior written consent of the Magna Defendants or further orders of the Court.

11. Upon execution by counsel, this Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

12. The Protected Documents and Information, save for those items described in paragraph 7, above, shall be returned to counsel for the Magna Defendants or destroyed at the conclusion of the litigation.

13. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, and this Court shall retain jurisdiction over the parties and their attorneys and representatives for the enforcement of the provisions of this order _until Termination of this case._

IT IS SO ORDERED.

Signed this 5Th day of November, 2007.

*[signature]*

~~Lewis T. Babcock, United States District Judge~~
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

6

AGREED AS TO FORM AND SUBSTANCE:


By: ___s/Sarah M. Blake_____
    J. Hunter Craft
    Attorney-in-Charge
    Texas State Bar No. 24012466
    Sarah M. Blake
    Texas State Bar No. 24047178

WATTS LAW FIRM, L.L.P.
815 Walker, 16th Floor
Houston, Texas 77002
Telephone: 713.225.0500
Telefax: 713.225.0566
Email: hcraft@wattslawfirm.com
Email: sblake@wattslawfirm.com

OF COUNSEL:

Yvonne Azar
Colorado State Bar No. 13132
3033 South Parker Road, Suite 508
Denver, Colorado 80014
Telephone: 303-338-1888
Telefax: 303-338-1891
Email: yvonneazaresq@aol.com


**ATTORNEYS FOR PLAINTIFFS**

By: ___s/Keith Jarvis_____
    H. Keith Jarvis

MARKUSSON, GREEN & JARVIS, P.C.
999 18th Street, #3300
Denver, Colorado 80202
(303) 572-4200
(303) 595-3780 - Fax
Jarvis@mgilaw.com

And

7

Deborah Clinebell
PILLSBURY WINTHROP SHAW PITTMAN L.L.P.
Two Houston Center, 909 Fannin, Suite 2000
Houston, Texas 77010
(713) 276-7662
(713) 276-7673 - Fax
deborah.clinebell@pillsburylaw.com

**ATTORNEYS FOR DEFENDANT
TRW VEHICLE SAFETY SYSTEMS, INC.**

Roy A. Spezia
Attorney-in-Charge
Texas Bar No. 18929560
Thomas P. Fredell
Texas Bar No. 00789082
CLARK, THOMAS & WINTERS
A Professional Corporation
P. O. Box 1148
Austin, Texas 78767
512/472-8800; 512/474-1129 - Fax
ras@ctw.com
tpf@ctw.com

And

s/Peter F. Jones
Peter F. Jones
Colorado Bar No. 6260
Steven M. Hamilton
Colorado Bar No. 34534
HALL & EVANS, L.L.C.
1125 17th St., Suite 600
Denver, Colorado 80202
303/628-3300; 303/293-3253 –Fax
jonesp@hallevans.com
hamiltons@hallevans.com

**ATTORNEYS FOR DEFENDANTS
MAGNA DONNELLY CORPORATION
AND MAGNA CLOSURES, INC.**

H:\Docs\PRODUCT\MAGNA\Static copy of Magna_Galicia Agreed Protective Order.doc

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 07-cv-00017-LTB-MJW

SERGIO GALICIA and
GLORIA HERNANDEZ,
Individually and as Representatives of the Estate of Celene Galicia, Deceased,

    Plaintiffs,

v.

TRW VEHICLE SAFETY SYSTEMS INC.,
MAGNA DONNELLY CORPORATION, and
MAGNA CLOSURES INC.,

    Defendants.

### ACKNOWLEDGMENT OF RECEIPT OF AGREED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

    I acknowledge receipt of a copy of the Agreed Protective Order, dated _____, (the "Order") and hereby I agree that I will be bound by its provisions with respect to any information provided to me pursuant to the terms of the Order, and that I will not reveal any information I obtain in connection with this litigation to anyone, except the parties or Court in this action. I agree that, if I receive any document or information constituting Protected Documents and Information within the terms of the Order, I will not reproduce such documents or information without the written consent of the person furnishing them.

**EXHIBIT A**

I agree that, within thirty (30) days after I receive notification that this lawsuit has been concluded, I shall return to counsel for the furnishing party all Protected Documents and Information and reproductions thereof that I have received pursuant to the terms of the Order.

I hereby consent to the personal jurisdiction of the United States District Court for the District of Colorado with regard to any matter related to or arising out of the Order, and I acknowledge that I have read the Order and understand its terms. I further acknowledge that I will be subjected to sanctions by the Court if I fail to comply with the Order.

SIGNED this _____ day of _____,200__.

_____
Signature

_____
Printed Name